THE STATE v. HILTERBRAND, *Appellant*.

### Division Two, June 13, 1893.

1. **Practice**: EXTENSION OF TIME FOR FILING BILL OF EXCEPTIONS: REVISED STATUTES, 1889, SECTION 2168. Where the trial court has granted time beyond the term in which to file a bill of exceptions, it is competent for the parties litigant, before the time granted has expired, to extend such time by filing a stipulation to that effect. (Revised Statutes 1889, Section 2168.)

2. **Criminal Law**: ASSAULT TO RAPE: CONFLICTING EVIDENCE: VERDICT. Where the evidence upon a trial for an assault with intent to ravish is sufficient to sustain a conviction, if believed by the jury, and there is evidence to the contrary, the verdict of guilty will not be disturbed, where the instructions are fair to the defendant.

*Appeal from Platte Circuit Court.*—HON. J. M. SANDUSKY, Judge.

AFFIRMED.

*R. F. Walker*, Attorney General, for the state.

(1) The purported bill of exceptions in this case cannot be considered. It was not filed within the time allowed by the court. The record nowhere shows any

order of court extending the time of filing the bill of exceptions, or any action of the court whatever upon the preceding stipulation. Before the passage of the amended act of 1889 (Revised Statutes, section 2168), there was no statutory provision whereby a bill of exceptions could be filed after the term had elapsed, but a custom had grown, recognized by this court, by which such bill could be filed after the term, or in vacation, by agreement of parties, sanctioned by order of court, entered of record. The amendment of 1889 is only by statute declaratory of that custom, legalizing what had heretofore been merely prescriptive. And an order of court entered of record is as necessary as before to authorize the filing of a bill of exceptions after the lapse of the term. *State v. Broderick*, 79 Mo. 622; *State v. Hill*, 98 Mo. 570; *State v. Berry*, 103 Mo. 367; *Mac-Carty, v. Cunningham*, 75 Mo. 279; *Carter v. Prior*, 78 Mo. 222; *State v. Ryan* (decided May 23, not yet reported); *State v. Hill*, 103 Mo. 367. (2) There is absolutely no error of record in this case, and the judgment should be affirmed.

SHERWOOD, J.—The defendant was indicted for an assault with intent to ravish one Polly Tellope. Tried, he was convicted and his punishment assessed at a fine of $100 and imprisonment in the county jail for six months, and he appeals to this court.

At the same term of his conviction, on November 29, 1890, by order entered of record, the trial court allowed defendant forty days in which to file his bill of exceptions. On January 7, 1891, by stipulation duly signed and filed with the clerk of the circuit court, the time of filing the bill of exceptions was extended by the parties to the thirteenth of April, 1891. On the eighth of the last named month the bill of exceptions was signed and filed.

I. It is contended on behalf of the state that the bill should not be regarded as a valid bill because not filed within the time allowed by the order of the court. This is regarded as an erroneous view of section 2168, Revised Statutes, 1889. Under the provisions of that section, where an order of the court is made extending the time for filing the bill of exceptions, it is competent for the parties litigant, before the time extended has expired, to still further extend the time by filing a stipulation to that effect, as was done in this case. The bill is consequently a valid bill to all intents and purposes.

II. Defendant is not represented in this court by counsel, but on reading the record we find evidence which, if believed by the jury, was sufficient for his conviction, and though there was evidence of a contrary effect, this was a matter for the consideration of the jury, and their verdict must stand, as the instructions were entirely fair for defendant. Therefore, judgment affirmed. All concur.